FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

99 AUG 25 PM 3:00

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| GODLAN, INC., } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | CASE NO. CV-99-B-1452-NW |
| } | |
| R.G. DARBY, INC., } | ENTERED |
| } | |
| Defendant. } | AUG 25 1999 |

## MEMORANDUM OPINION

Currently before the court is defendant's Motion to Set Aside Entry of Default. Upon consideration of the record, the relevant law, and the submissions of the parties, the court finds that defendant's motion is due to be granted.

### I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On June 4, 1999, at 2:29 p.m. (CST), R.G. Darby, Inc. ("Darby") filed a declaratory action in Dallas County, Texas ("Texas lawsuit") requesting that the court declare its rights and obligations under a contract with Godlan, Inc. ("Godlan"). (Affidavit of Karen Griffin ("Griffin Aff."), ¶ 5 and attached exhibits, attached to Def.'s Mot. to Set Aside Entry of Default ("Mot. to Set Aside") as Exhibit 1.) Godlan subsequently removed the case to the United States District Court for the Northern District of Texas. (*Id.*)

On the same day, at 4:59 p.m. (CST), Godlan filed the present action ("Alabama lawsuit") alleging, *inter alia*, that defendant Darby was in breach of the same contract that was the subject of the Texas lawsuit. (Compl. at ¶ 14.) By letter dated June 17, 1999, counsel for the defendant stated that she would not accept service of the Complaint in the Alabama lawsuit.

18

(Letter from Nancy Griffin to Stan Logan dated June 17, 1999 ("Griffin Letter"), attached to Pl.'s Opp. to Mot. to Set Aside ("Pl.'s Opp.") as Exhibit A.) On June 18, 1999, pursuant to the relevant provisions of Federal Rule of Civil Procedure 4, Godlan filed a Request for Service by Certified Mail. (Pl.'s Req. for Serv.)

Thereafter, pursuant to Rule 4, the Clerk of the Court issued such service and, on June 24, 1999, received and stamped "Filed" the Return Receipt. (Return Receipt.) For purposes of service, then, defendant is considered served on the date the Return Receipt was filed, June 24.[1] The deadline for defendant to respond to plaintiff's Complaint was July 14, twenty days after service of the summons, exclusive of the day of service. Fed. R. Civ. P. 12(a)(1)(A) and 6(a). The deadline passed with no response from Darby.

During this period, the federal district judge in the Texas lawsuit required the parties to confer and prepare a Joint Status report. (Griffin Aff. at ¶ 6.) Consequently, on July 20, 1999, the parties filed a Joint Status Report in the United States District Court for the Northern District of Texas. (*Id.*) In the Report, Darby included a footnote reflecting that it intended to file a motion to dismiss the Alabama lawsuit or, in the alternative, to transfer venue to Texas. (*Id.*)

On July 21, 1999, defendant's counsel realized she had missed the deadline for responsive pleading in the Alabama lawsuit. (*Id.* at ¶ 7.) She called the clerk and confirmed that she had indeed missed the deadline by several days. (*Id.*)

---

[1] Plaintiff contends that service occurred "on or about by June 26, 1999." (Affidavit of Stanley W. Logan in Support of Application to Clerk for Entry of Default ("Logan Aff."), ¶ 2, attached to Pl.'s App. for Entry of Def. as Exhibit A.) The Return Receipt contains no date of delivery but was received and stamped "Filed" by the Clerk on June 24, 1999. For its part, Darby never states when it received service. The defendant is therefore deemed served on June 24, 1999.

On the same day, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, plaintiff filed its Application to Clerk for Entry of Default. (Pl.'s App'n to Clerk For Entry of Default.) On the same day, the Clerk duly entered the Default. (Entry of Default.) Two days later, on July 23, 1999, Darby submitted (1) a Motion to Set Aside Entry of Default; (2) an Answer to plaintiff's Complaint, and (3) a Motion to Dismiss or, Alternatively, Motion to Transfer for Improper Venue. In this opinion, the court addresses defendant's Motion to Set Aside.

## II. DISCUSSION

In support of its Motion to Set Aside, defendant makes three arguments. First, Darby contends that entry of default was in violation of Rule 55(a) because by participating in the Texas lawsuit and exhibiting (in a footnote in the Joint Status Report) an intent to respond to the Alabama lawsuit, Darby had fulfilled its obligations to "otherwise defend" the Alabama lawsuit. (Def.'s Mot. To Set Aside, ¶ 5; Def,'s Reply in Support of Mot. To Set Aside, ¶ 1).) Second, Darby argues that the court should set aside the entry of default under the good cause provisions of Rule 55(c) because (1) there would be no prejudice to the plaintiff, (2) Darby has meritorious defenses, and (3) Darby's conduct was not willful or culpable. (Def.'s Mot. To Set Aside, ¶¶ 6-9 and attached exhibits; Def.'s Reply in Support of Mot. To Set Aside, ¶¶ 2-5 and attached exhibits.) Third, Darby argues that Godlan failed to fulfill its obligations under Rule 55 by not giving three days notice of the application for entry of default. (Def.'s Reply at ¶ 1 and attached exhibit.)

Godlan, in opposition to the Motion, contends that defendant intentionally engaged in dilatory tactics in order to move the Texas lawsuit ahead of the Alabama lawsuit in the litigation process. (Pl.'s Opp. to Mot. To Set Aside, ¶¶ 1-3.) Plaintiff argues the Texas lawsuit would then be in a procedural posture advantageous to Darby's 12(b)(3) motion in the Alabama lawsuit. (*Id.* at ¶ 4.) Godlan concludes that these dilatory tactics are evidence that Darby acted in bad faith and therefore Darby cannot satisfy the Rule 55(c) "good cause" criteria. (*Id.* at ¶ 5.)

The court will address these arguments in turn.

**A. To "Otherwise Defend"**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of default or default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend* as provided by these rules . . . ." Fed. R. Civ. P. 55(a) (emphasis supplied). The words "otherwise defend" presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim. *George & Anna Portes Cancer Prevention Center, Inc. v. Inexco Oil Company*, 76 F.R.D. 216, 217 (W.D. La. 1977).

Under Rule 55, a defendant's challenges to matters such as service, venue, and the sufficiency of the complaint preclude a default, even if pursued in the absence of a responsive pleading. 10 Wright, Miller & Kane, Federal Practice and Procedure § 2682 at 16-17 (3rd ed. 1998). For instance, motions challenging a complaint for failure to state a claim fall squarely within the ambit of the phrase "otherwise defend." *Wickstrom v. Ebert*, 101 F.R.D. 26, 33 (E.D. Wis. 1984) (collecting cases).

In this case, however, Darby has undertaken none of these actions. The court has before it no responsive pleading, notice of appearance or even correspondence filed with or addressed to the court reflecting Darby's intent to defend this lawsuit. Instead, Darby contends that pleadings, reports, and letters addressed to another court or to plaintiff and counsel are sufficient to show that it "otherwise defend[ed]" the Alabama lawsuit for purposes of Rule 55. Darby does not provide, nor could the court find, any authority in support of this position. Indeed, the plain language of the Rule states that the defendant must "otherwise defend" the suit "as provided by these rules . . . ." Fed. R. Civ. P. 55(a). None of Darby's actions are proper responses to this lawsuit as provided in the Federal Rules of Civil Procedure. The court thus holds that Darby failed to "otherwise defend" this action for purposes of Rule 55.

**B. Rule 55(a)'s "Good Cause" Requirements**

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step procedure for obtaining a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Second, a party may seek a default judgment from either the district judge or the clerk of the court, depending upon whether the damages are for a "sum certain." Fed R. Civ. P. 55(b).

When a court considers a motion to set aside, the distinction between a mere entry of default under Rule 55(a) and a default judgment under 55(b) is critical. An entry of default under Rule 55(a) may be set aside under the "good cause" provisions of Rule 55(c), while a default judgment under Rule 55(b) may be set aside only under the more rigorous "excusable neglect"

5

provisions of Rule 60(b). *Compare Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F. 3d 948, 951 (11th Cir. 1996) (applying good cause standard to entry of default) *with Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F. 3d 780, 781-83 (11th Cir. 1993) (applying excusable neglect standard to default judgment). *See generally Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1364 n. 27 (11th Cir 1997) (discussing the differences between entry of default and default judgment); *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F. 2d 524, 527-28 (11th Cir. 1990) (comparing the two standards). Setting aside an entry of default under Rule 55(c) is a matter that falls within the court's discretion. *Jones v. Harrell*, 858 F. 2d 667, 669 (11th Cir. 1988).

The Eleventh Circuit has stated that the Rule 55 "good cause" standard is not strictly defined, but rather varies from situation to situation. *Compania Interamericana*, 88 F. 3d at 951. Courts, therefore, should not apply a precise, talismanic formula, but rather look to some general guidelines and factors. *Id.* Among such guidelines and factors are whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defending party presents a meritorious defense, whether public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *Id.* "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citation and quotations omitted).

In this case, Darby offers several of the Rule 55(c) "good cause" criteria in support of its Motion to Set Aside.

### 1. Prejudice

Darby argues that the plaintiff will suffer no prejudice if the court sets aside the entry of default. The court agrees. Defendant moved promptly to set aside the default and there is no evidence that plaintiff would be prejudiced if this motion is granted. Indeed, plaintiff makes no claim of such prejudice. Consequently, the court finds that this factor weighs in favor of defendant's Motion to Set Aside. *See Cody v. Mello*, 59 F. 3d 13, 16 (2nd Cir. 1995) (holding that prompt motion of defendant to set aside default precluded prejudice to the plaintiff); *see also Whelan v. Abell*, 48 F. 3d 1247, 1258-60 (D.C. Cir. 1995) (holding that 16-month delay on the part of the defendant before moving to set aside entry of default constituted substantial prejudice to plaintiffs for purposes of Rule 55(c) "good cause" criteria); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 536 (M.D. Ala. 1997) (holding that five-month delay due to defendant's negligence in failing to respond to complaint and court order would substantially prejudice the plaintiff).

### 2. Meritorious Defense

Darby also argues that it has meritorious defenses to Godlan's breach of contract and unjust enrichment claims. Under Rule 55(c), to establish a meritorious defense a defaulting party must show "the existence of a defense of sufficient merit to indicate the possibility that the outcome would differ . . . ." *Seven Elves, Inc. v. Eskenazi*, 635 F. 2d 396, 403 (5th Cir. 1981).[2] The defendant need not establish the defense beyond doubt in its pleading. *Hritz v. Woma Corp.*,

---

[2]The Eleventh Circuit has adopted as binding precedent all former Fifth Circuit decisions rendered prior to October 1, 1981 (to the extent they are not superseded by subsequent Eleventh Circuit decisions). *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981).

732 F. 2d 1178, 1181 (3rd Cir. 1984). Instead a meritorious defense is presumptively established when the allegations would constitute a complete defense to the action. *Id.* Because the demonstration of a meritorious defense is not called for by the federal rules, however, the nature and extent of the showing is a matter that lies within the court's discretion. *Dahl v. Kanawha Investment Holding Co.*, 161 F.R.D. 673, 684 n.18 (N.D. Iowa 1995) (citation and quotations omitted).

In this case, Darby contends that it has meritorious defenses in that (1) there was no actionable breach of contract; (2) the measure of damages is improper; and (3) because the Texas lawsuit was first-filed, the Alabama lawsuit is due to be dismissed or transferred. (Def.'s Mot. To Set Aside at ¶ 8.) The defendant has also filed an Answer containing stock affirmative defenses. (Answer.)

The court recognizes that some of these purported meritorious defenses (*i.e.* the challenge to the measure of damages) fall far short of being complete defenses for purposes of Rule 55(c). The court also notes that many of the alleged defenses are mere assertions, unsupported by evidence or affidavit. The Eleventh Circuit, however, has not placed an onerous burden on defendants to prove their meritorious defenses; assertions alone have been deemed sufficient. *See Turner v. Salvatierra*, 580 F. 2d 199, 201 (5th Cir. 1978) (holding that defendant's assertion that there was no privity of contract constituted a meritorious defense) (default judgment case); *Charlton L. Davis & Co., P.C. v. Fedder Data Center, Inc.*, 556 F. 2d 308, 309 (5th Cir. 1977) (holding that defendant's assertion that it was not a successor in interest constituted a meritorious defense) (default judgment case). Therefore, the court, without addressing or passing judgment

on the merits of the case or any issues in it, holds that the defendant has met its minimal burden to provide meritorious defenses under the Rule 55(c) "good cause" analysis.

### 3. *Willful or Culpable Conduct (Bad Faith)*

Darby argues that its conduct in not responding to the complaint was neither willful nor culpable. The Eleventh Circuit has held that if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief from entry of default. *Compania Interamericana*, 88 F. 3d at 951-952. Specifically, the Eleventh Circuit has held that where a party intentionally delays or otherwise acts in bad faith to impede the progress of a lawsuit, entry of default may be upheld. *Id.* at 952 (holding that defendant's failure to obtain counsel or comply with court orders, even after several extensions, could be deemed willful conduct for purposes of Rule 55(c)).[3]

Courts, however, have carefully distinguished between ongoing disregard for the judicial process by the defendant itself, and isolated error on the part of the defendant's counsel. *Compare Swaim v. Moltan Co.*, 73 F. 3d 711, 721 (7th Cir. 1996) (holding that deliberate and repeated evasion of process by defendant itself constituted bad faith) (default judgment case) with *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F. 2d 808, 811 (7th Cir.

---

[3]Defendant cites to Eleventh Circuit cases utilizing the "excusable neglect" standard. Such cases may provide guidance to this court's "good cause" analysis, but do not control it. As explained elsewhere in this opinion, "excusable neglect" is a term of art more appropriately used when analyzing relief from a Rule 55(b) default judgment, not a Rule 55(a) entry of default. *See supra* pp. 5-6. For a particularly illustrative example of the confusion generated by the two standards, see *Mike Smith Pontiac GMC*, 896 F. 2d at 528.

1988) ("the district court erred because it failed to distinguish between the fault of [defendant's] attorney and the fault, if any, of defendant itself"). Consequently, courts have held that where defense counsel's isolated error is at issue, the defendant cannot be found to have engaged in culpable conduct for purposes of the Rule 55(c) "good cause" criteria. *Shepard Claim Service, Inc v. William Darrah & Assoc.*, 796 F. 2d 190 194 (7th Cir. 1986) (overturning district court's entry of default because "we do not believe that this record exhibits circumstances in which a client should suffer the ultimate sanction of losing his case without any consideration of the merits because of his attorney's neglect and inattention").

In this case, Darby argues that its conduct cannot be considered willful or culpable because it was mere oversight on the part of its counsel. (Def.'s Mot. To Set Aside at ¶ 9; Griffin Aff. at 7; Def's Reply in Support of Mot. To Set Aside at ¶¶ 2-5; Supplemental Affidavit of Karen E. Griffin ("Griffin Supp. Aff."), ¶¶ 5-7.) Godlan, however, contends that Darby intentionally delayed responding to the Alabama lawsuit to allow the Texas lawsuit more time to develop. (Pl.'s Opp. To Mot. To Set Aside at ¶¶ 4-5.) Specifically, Godlan claims that Darby's counsel (1) requested that Godlan not file suit so that she could discuss settlement with her client; and (2) failed to follow through with an agreement to accept service. (Pl.'s Opp. To Mot. To Set Aside at ¶¶1-3.)

Such actions on the part of Darby's counsel, if true, may well have been designed to delay the progress of the Alabama lawsuit. Indeed, the almost simultaneous filing of the lawsuits indicates that Darby may have been jockeying for position in the race to file. Even if the actions alleged by Godlan are true, however, it would require impermissible speculation on the court's

10

part to deem such conduct willful or culpable for purposes of Rule 55(c). *See Augusta Fiberglass*, 843 F. 2d at 812 (noting that "any doubts should be resolved in the movant's favor").

Finally, the court notes that when faced with the entry of default, Darby promptly addressed the matter by filing an Answer, a 12(b)(3) motion, and a Motion to Set Aside. Consequently, the court holds that defense counsel's isolated error cannot be considered willful or culpable for purposes of the Rule 55(c) "good cause" analysis.

**C. Lack of Three Days Notice Prior to Application to Clerk for Entry of Default**

Darby finally argues that because Godlan failed to provide three days notice before applying to the clerk for entry of default, the entry of default is improper. The requirement for three days notice only applies in cases of default judgment under Rule 55(b), not entry of default under Rule 55(a). Additionally, Rule 55(b) requires such notice only where the defendant had actually appeared in the case. Fed. R. Civ. P. 55(b). When Godlan made application for entry of default, Darby had made no such appearance. Consequently, this argument is without merit.

### III. CONCLUSION

Based upon the foregoing conclusions, the court finds that defendant's Motion to Set Aside Entry of Default is due to be granted. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 25th day of August, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge