FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

99 AUG 25  PM 3: 00

U.S. DISTRICT COURT
N.D. OF ALABAMA

GODLAN, INC.,                              }
                                          }
        Plaintiff,                        }
                                          }
v.                                        }        CASE NO. CV-99-B-1452-NW
                                          }
R.G. DARBY, INC. ,                        }
                                          }        ENTERED
        Defendant.                        }
                                                   AUG 2 5 1999

## MEMORANDUM OPINION

Currently before the court is defendant's Motion to Dismiss or, Alternatively, to

Transfer for Improper Venue ("Motion to Dismiss or Transfer") filed July 23, 1999, and

defendant's Motion to Stay Proceedings Subject to its Motion to Dismiss, or Alternatively, to

Transfer for Improper Venue and Brief in Support ("Motion to Stay") filed August 9, 1999.

Upon consideration of the record, the relevant law, and the submissions of the parties, the court

finds that defendant's Motion to Dismiss or Transfer is due to be denied and defendant's Motion

to Stay is due to be granted.


## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On June 4, 1999, at 2:29 p.m. (CST), R.G. Darby, Inc. ("Darby") and its parent company,

Atrium Companies, Inc. ("Atrium")[1] filed a declaratory action in Dallas County, Texas ("Texas

lawsuit") requesting that the court declare their rights and obligations under a contract with

_____

[1]Atrium is a Texas corporation with its principal place of business in Texas. (Darby's
Texas Complaint ¶ 1 ("Tex. Compl."), attached as Exhibit A to Def.'s Mot. to Dismiss or
Transfer.)



Godlan, Inc. ("Godlan"). (Def.'s Mot. to Dismiss or Transfer ¶ 1.) Godlan subsequently removed the case to the United States District Court for the Northern District of Texas, Dallas Division. (*Id.* at ¶ 2.)

On the same day, at 4:59 p.m. (CST), Godlan filed the present action ("Alabama lawsuit") against Darby involving the same contract that is the subject of the Texas lawsuit. (Compl. at ¶ 14; Mot. to Dismiss or Transfer at ¶ 1.) Atrium is not a named defendant in the Alabama lawsuit.

In the Complaint, Godlan, a Michigan Corporation with its principal place of business in Michigan, alleges that it entered into a contract with Darby, an Alabama corporation located in Florence, Alabama, to provide software, maintenance and support, and consulting services to Darby. (*Id.* at ¶¶ 1-9.) Godlan further alleges that Darby has not fulfilled its monetary obligations under the contract and is therefore in breach of said contract. (*Id.* ¶¶ 9-18.) Consequently, Godlan demands judgment in the amount of $126,241.55, plus accrued interest and costs. (*Id.*)

On or about June 28, 1999, Godlan filed a Motion to Dismiss the Texas lawsuit for lack of personal jurisdiction. (Pl.'s Opp. to Mot. to Dismiss or Transfer ("Pl.'s Opp. to Mot. to Dismiss") ¶ 3 and Exhibit C attached thereto.) The federal district judge in the Texas lawsuit required the parties to confer and prepare a Joint Status Report. (Mot. to Dismiss or Transfer ¶ 2.) Discovery on personal jurisdiction issues is proceeding in the Texas lawsuit. (*Id.*)

2

On July 23, Darby filed its Answer in the Alabama lawsuit.[2] Darby denies being in breach of contract and states that it met its requirements under the contract by informing Godlan of problems with the software. (Answer.) On the same day, Darby filed its Motion to Dismiss or Transfer, basing said motion on the first-filed declaratory action in Texas. On August 9, 1999, after both parties had briefed and presented evidence on the Motion to Dismiss or Transfer, Darby effectively amended the Motion to Dismiss or Transfer by filing a Motion to Stay Proceedings Subject to Transfer for Improper Venue ("Motion to Stay"). The court now considers Darby's motions.

## II. DISCUSSION

Darby argues that the court should dismiss, transfer or stay this action based on the "first-filed" rule. The first-filed rule holds that when parties have instituted competing or parallel litigation in separate federal courts, the court initially having jurisdiction should hear the case. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F. 2d 1002, 1006 (8th Cir. 1993). The primary purposes of the rule are to conserve judicial resources and avoid conflicting rulings. *Id.* The Eleventh Circuit follows this rule. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Haydu,*

---

[2]At this time, Darby did not have standing to file its Answer or its Motion to Dismiss or Transfer. On July 21, 1999, the Clerk of the Court entered a default against Darby, cutting off its right to appear. *Newhouse v. Probert*, 608 F. Supp. 978, 985 (W.D. Mich. 1985) ("When a party is in default . . . the party himself has lost his standing in court") (ellipses in original) (citations and quotations omitted). The Clerk should have refused the filings and the court could order them stricken. The court, however, has issued a separate Order in this case setting aside the Entry of Default. Therefore the Answer and Motion to Dismiss or Transfer are deemed timely filed on July 23, 1999.

3

675 F. 2d 1169, 1174 (11th Cir. 1982) ("In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case").

Among the compelling circumstances that may justify departing from the rule are instances where one party, on notice of a potential lawsuit, files a declaratory judgment in its home forum. *Northwest*, 989 F. 2d at 1006-1007. Such circumstances, however, do not automatically compel abandoning the first-filed rule; the matter is one of discretion for the trial court. *See, e.g., United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F. 2d 487, 488-489 (8th Cir. 1990) (upholding district court's decision to allow declaratory action to proceed in the face of a second-filed action for damages). Even where the first-filed suit is a declaratory action, however, "[t]he first-filed action is preferred . . . unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Serco Serv. Co. v. Kelley Co.*, 51 F. 3d 1037, 1039 (Fed. Cir. 1995) (citations and quotations omitted).

Godlan argues that there are compelling circumstances here because Darby, aware that Godlan was about to file a breach of contract action, made "deceptive requests" which allowed Darby to file first. Specifically, Godlan contends that Darby's counsel asked Godlan to delay filing the lawsuit until she could communicate settlement offers to her client. (Affidavit of Henry I Frohsin ¶¶ 3-4 ("Froshin Aff."), attached as Exhibit A to Pl.'s Opp. to Mot. to Dismiss; Affidavit of Stanley W. Logan ¶¶ 3-4 ("Logan Aff."), attached as Exhibit B to Pl.'s Opp. to Mot. to Dismiss). Godlan further contends that there is no personal jurisdiction over Godlan in Texas. (Pl.'s Opp. to Mot. to Dismiss ¶ 3; Godlan's Texas Mot. to Dismiss ("Tex. Mot. to Dismiss"), attached as Exhibit C to Pl.'s Opp. to Mot. to Dismiss.) As part of this argument, Godlan notes that (1) the contract in dispute was entered into in the state of Alabama; (2) Darby is an Alabama

4

corporation with its principal place of business in Alabama; (3) the contract was to be performed in Alabama; and (4) Godlan is not registered to do business in Texas and has no registered agent there. (*Id.*)

Although this is a close call, Godlan has nonetheless failed to demonstrate compelling circumstances that would justify ignoring the first-filed rule. The court bases its decision on several factors.

First, the court simply cannot overlook the procedural posture of the Texas lawsuit. The Texas court, as the "first-filed" court, is the more appropriate forum in which to determine whether the first-filed case should proceed. The Texas court may very well decide that it lacks personal jurisdiction over Godlan or decide that the case should be transferred to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a). *See Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 606-607 (S.D. Fla. 1997) (staying second-filed action for damages until first-filed court determines whether it has jurisdiction over declaratory action).[3]

Second, contrary to Godlan's argument, it does not appear that Darby ran to the courthouse as soon as it was aware of the problem to beat Godlan's filing. Godlan made a demand of Darby in March 1999. (Affidavit of Karen Griffin ¶ 4 ("Griffin Aff."), attached as Exhibit 1 to Def.'s Mot. to Set Aside.) Conversations continued, through counsel, in April. (*Id.*) Settlement negotiations ensued in May. (*Id.*) None of the affidavits submitted by Godlan are

---

[3]The first-filed court eventually dismissed the declaratory action, allowing the second-filed case for damages to proceed. *Anheuser-Busch, Inc. v. Supreme Int'l Corp*, 167 F. 3d 417, 418 (8th Cir. 1999) (upholding first-filed court's decision to dismiss declaratory action).

inconsistent with these facts. (*See* Froshin Aff. and Logan Aff., attached as Exhibits A and B to Pl.'s Opp. to Mot. to Dismiss)

Third, Godlan's allegations of "deceptive requests" on the part of Darby's counsel, even if true, are not the type of exceptional or compelling circumstances that would justify departure from the first-filed rule. Counsel for both sides have submitted affidavits containing their versions of the negotiations leading up to the filings. (*See Id.*; Griffin Aff., attached as Exhibit 1 to Def.'s Mot. to Set Aside.) The affidavits reflect that in the early part of June settlement negotiations clearly broke down, as they are wont to do. Even if Godlan's counsel used such negotiations to jockey for position in the race to file, however, the court does not find that such behavior is "compelling" or "exceptional" as courts have defined those terms. *See United States Fire Ins. Co.*, 920 F. 2d at 489 (upholding district court's decision to allow first-filed declaratory action to proceed because party's claim it was "misled" during negotiations constituted "less than compelling" circumstances).

Fourth, given the state of negotiations, the involvement of counsel, and the three months of demands, it is not unreasonable for Godlan to have filed a declaratory action in anticipation of litigation. Indeed, the purpose of a declaratory judgment is to enable those threatened with litigation to remove the cloud on their commercial activity, instead of being obliged to await the convenience of the threatening party. *See Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*, 57 F. 3d. 1051, 1053 (Fed. Cir. 1995) (discussing Declaratory Judgment Act). Consequently, it would be unreasonable for this court to hold that Darby should have waited any longer before filing its own action.

6

Fifth, judicial economy would be ill-served by competing parallel lawsuits resulting in conflicting rulings. Given the plethora of connections Alabama apparently has to this case, it appears that it would be more convenient to try it here. Godlan, however, is a Michigan corporation, making Texas and Alabama equally inconvenient for it. (Compl. ¶ 1.) Further, Darby, a subsidiary of Texas corporation Atrium, is not wholly without Texas connections. (Tex. Compl. ¶ 1, attached as Exhibit A to Def.'s Mot. to Dismiss or Transfer.) As noted, Godlan has filed a Motion to Dismiss the Texas complaint based on lack of personal jurisdiction over Godlan. The Texas court may find that the motion is due to be granted, in which case Darby states it plans to move to transfer venue to this court. (Def.'s Mot. to Stay ¶ 3.)

Sixth, on that note, this court must once again turn to the comity concerns posed by the Texas lawsuit. As Darby points out, if this court does not dismiss or stay Godlan's suit here, there is no guarantee that the Texas court would transfer or dismiss the pending declaratory action. (Mot. to Stay ¶ 3.) "The parties would then be left with the exact situation the first-filed rule was designed to prevent – lawsuits on identical issues proceeding simultaneously in separate courts." *Supreme Int'l*, 972 F. Supp. at 606-607. Due to comity concerns raised by such a scenario, this case must give way to the Texas lawsuit. *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F. 2d 403, 408 (5th Cir. 1971) (reversing and remanding district court that enjoined a party who had first filed a declaratory action in another jurisdiction).

Godlan's reliance on two cases, *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F. 2d 1194 (11th Cir. 1982) and *E.E.O.C. v. Univ. of Pa.*, 850 F. 2d 969 (3rd Cir. 1988), is misplaced. In *Ven-Fuel*, the Eleventh Circuit affirmed a district court's decision not to follow the first-filed rule. *Ven-Fuel*, 673 F. 2d at 1195. That case, however, involved a district court's decision in a

7

first-filed declaratory action, not a second-filed action for damages. *Id.* Consequently, *Ven-Fuel* involved a court's discretionary authority to hear a declaratory judgment, an issue not directly before this court.

In *E.E.O.C.*, the Third Circuit upheld a district court's decision not to follow the first-filed rule. In that case, the E.E.O.C. issued a subpoena to the University of Pennsylvania, but gave the University a grace period, during which the E.E.O.C. would not seek to enforce the subpoena. *E.E.O.C.*, 850 F. 2d at 972-73. Three days before the grace period was to expire, the University filed suit in the district court of the District of Columbia challenging the validity of the subpoena. *Id.* at 973. The E.E.O.C. then sought to enforce the subpoena in the eastern district of Pennsylvania, where the subpoena had been issued. *Id.* The district court in Pennsylvania held that the second-filed suit (the subpoena enforcement) should proceed, rather than defer to the first-filed suit (the subpoena challenge). *Id.* at 973-74.

Such a fact pattern does not exist in the case at hand. Here, the second-filed suit is not an enforcement of an already issued subpoena, but rather a completely separate suit filed in a different court. It is not a continuance of a legal process underway.

Having determined that all relevant factors weigh in favor of deferring to the first-filed action, the court now turns to the issue of whether to dismiss or stay this action. There is no doubt that Godlan would prefer this court to retain jurisdiction over this matter. Darby, for its part, states that "it intends to file a motion to transfer venue to this court if Darby prevails on the Motion to Dismiss in Texas . . . ." (Mot. to Stay ¶ 3.) Consequently, the court will stay proceedings, pending outcome of the Texas action.

8

The court recognizes that defendant proffered transfer as an option as well. Transfer, however, requires the defendant to prove the fitness of the transferee court as to subject matter jurisdiction, venue, service of process and a host of other factors. *Martin v. South Carolina Bank*, 81 F. Supp. 679, 683-686 (M.D. Ga. 1992). Defendant has failed in its burden to prove such fitness, and this court rejects transfer as an option.

### III. CONCLUSION

Based upon the foregoing conclusions, the court finds that defendant's Motion to Stay is due to be granted and defendant's Motion to Dismiss or Transfer is due to be denied. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 25th day of August, 1999.

Sharon Lovelace Blackburn

**SHARON LOVELACE BLACKBURN**
United States District Judge

9